CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | Case No. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Ngan Kim Bui**, in individual and representative capacity as trustee of the Ngan Kim Bui Living Trust; **Thu Bui**; **Thu Hoang**; and Does 1-10, | |
| Defendants. | |

Plaintiff Scott Johnson complains of Ngan Kim Bui, in individual and representative capacity as trustee of the Ngan Kim Bui Living Trust; Thu Bui; Thu Hoang; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.   Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially

1

equipped van.

2.   Defendant Ngan Kim Bui, in individual and representative capacity as trustee of the Ngan Kim Bui Living Trust, owned the real property located at or about 3132 Story Rd., San Jose, California, in January 2019.

3.   Defendant Thu Bui owned the real property located at or about 3132 Story Rd., San Jose, California, in January 2019.

4.   Defendant Ngan Kim Bui, in individual and representative capacity as trustee of the Ngan Kim Bui Living Trust, owned the real property located at or about 3132 Story Rd., San Jose, California, in February 2019.

5.   Defendant Thu Bui owned the real property located at or about 3132 Story Rd., San Jose, California, in February 2019.

6.   Defendant Ngan Kim Bui, in individual and representative capacity as trustee of the Ngan Kim Bui Living Trust, owned the real property located at or about 3132 Story Rd., San Jose, California, in March 2019.

7.   Defendant Thu Bui owned the real property located at or about 3132 Story Rd., San Jose, California, in March 2019.

8.   Defendant Ngan Kim Bui, in individual and representative capacity as trustee of the Ngan Kim Bui Living Trust, owns the real property located at or about 3132 Story Rd., San Jose, California, currently.

9.   Defendant Thu Bui owns the real property located at or about 3132 Story Rd., San Jose, California, currently.

10. Defendant Thu Hoang owned Universal Hair Design located at or about 3132 Story Rd., San Jose, California, in January 2019.

11. Defendant Thu Hoang owned Universal Hair Design located at or about 3132 Story Rd., San Jose, California, in February 2019.

12. Defendant Thu Hoang owned Universal Hair Design located at or about 3132 Story Rd., San Jose, California, in March 2019.

13. Defendant Thu Hoang owns Universal Hair Design located at or about

Complaint

3132 Story Rd., San Jose, California, currently.

14. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

15. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

16. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

17. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

18. Plaintiff went to Universal Hair Design in January 2019 (three times), February 2019 and March 2019 with the intention to avail himself of its services, motivated in part to determine if the defendants comply with the

Complaint

disability access laws.

19. Universal Hair Design is a facility open to the public, a place of public accommodation, and a business establishment.

20. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Universal Hair Design.

21. Unfortunately, on the dates of the plaintiff's visits, the defendants did not provide accessible parking in conformance with the ADA Standards.

22. Currently, the defendants do not provide accessible parking in conformance with the ADA Standards.

23. Entrance into Universal Hair Design is another one of the facilities, privileges, and advantages offered by Defendants to patrons of Universal Hair Design.

24. Unfortunately, on the date of the plaintiff's visits, the defendants did not provide accessible door hardware in conformance with the ADA Standards.

25. Currently, the defendants do not provide accessible door hardware in conformance with the ADA Standards.

26. Plaintiff personally encountered these barriers.

27. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

28. The lack of accessible facilities created difficulty and discomfort for the Plaintiff.

29. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

30. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous

Complaint

1 | alternative accommodations that could be made to provide a greater level of
2 | access if complete removal were not achievable.

3 |    31. Plaintiff will return to Universal Hair Design to avail himself of its
4 | services and to determine compliance with the disability access laws once it is
5 | represented to him that Universal Hair Design and its facilities are accessible.
6 | Plaintiff is currently deterred from doing so because of his knowledge of the
7 | existing barriers and his uncertainty about the existence of yet other barriers
8 | on the site. If the barriers are not removed, the plaintiff will face unlawful and
9 | discriminatory barriers again.

10 |    32. Given the obvious and blatant nature of the barriers and violations
11 | alleged herein, the plaintiff alleges, on information and belief, that there are
12 | other violations and barriers on the site that relate to his disability. Plaintiff will
13 | amend the complaint, to provide proper notice regarding the scope of this
14 | lawsuit, once he conducts a site inspection. However, please be on notice that
15 | the plaintiff seeks to have all barriers related to his disability remedied. See
16 | *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
17 | encounters one barrier at a site, he can sue to have all barriers that relate to his
18 | disability removed regardless of whether he personally encountered them).

19 |

20 | **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
21 | **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
22 | Defendants.) (42 U.S.C. section 12101, et seq.)

23 |    33. Plaintiff re-pleads and incorporates by reference, as if fully set forth
24 | again herein, the allegations contained in all prior paragraphs of this
25 | complaint.

26 |    34. Under the ADA, it is an act of discrimination to fail to ensure that the
27 | privileges, advantages, accommodations, facilities, goods and services of any
28 | place of public accommodation is offered on a full and equal basis by anyone

Complaint

who owns, leases, or operates a place of public accommodation. See 42 U.S.C.
§ 12182(a). Discrimination is defined, inter alia, as follows:

   a.  A failure to make reasonable modifications in policies, practices,
       or procedures, when such modifications are necessary to afford
       goods, services, facilities, privileges, advantages, or
       accommodations to individuals with disabilities, unless the
       accommodation would work a fundamental alteration of those
       services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b.  A failure to remove architectural barriers where such removal is
       readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are
       defined by reference to the ADA Standards.

   c.  A failure to make alterations in such a manner that, to the
       maximum extent feasible, the altered portions of the facility are
       readily accessible to and usable by individuals with disabilities,
       including individuals who use wheelchairs or to ensure that, to the
       maximum extent feasible, the path of travel to the altered area and
       the bathrooms, telephones, and drinking fountains serving the
       altered area, are readily accessible to and usable by individuals
       with disabilities. 42 U.S.C. § 12183(a)(2).

35. When a business provides parking for its customers, it must provide
accessible parking in compliance with the ADA Standards.

36. Here, the lack of accessible parking in compliance with the ADA
Standards is a violation of the law.

37. When a business provides an entrance, it must provide an accessible
entrance in compliance with the ADA Standards.

38. Here, no such accessible entrance has been provided in compliance with
the ADA Standards.

39. The Safe Harbor provisions of the 2010 Standards are not applicable

here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

40. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

41. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

43. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

44. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

45. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

46. Although the plaintiff was markedly frustrated by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: May 15, 2019                    CENTER FOR DISABILITY ACCESS

                                        By:  _____

                                             Amanda Seabock, Esq.
                                             Attorney for plaintiff

8

Complaint